**SO ORDERED.**

**SIGNED this 07 day of March, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

IN RE:

**SOUTHERN PRODUCE
DISTRIBUTORS, INC.,**

        **Debtor.**                              Case No. 03-02838-8-JRL

**SOUTHERN PRODUCE
DISTRIBUTORS, INC.,**

        **Plaintiff**

vs.                                              Adversary Proceeding No.
                                                 06-00255-8-AP

**AKIN-PORTER PRODUCE, INC.,
CARTER K. EDMONDSON,
EDMONDSON FARMS LLC, and
E. & P. LOUISIANA FARMS, L.L.C.**

        **Defendants.**

_____

### ORDER

This case is before the court on the motion to dismiss for lack of jurisdiction filed by Carter K. Edmondson and Edmondson Farms, LLC (the "Edmondson Parties"). On March 5, 2007, the court conducted a hearing on this matter in Raleigh, North Carolina.

The debtor is a corporation organized under the laws of North Carolina with its principal place of business in Faison, North Carolina. Akin-Porter Produce, Inc. is a Tennessee corporation with its principal place of business in Greenfield, Tennessee. Carter K. Edmondson is a citizen and resident of Mississippi. Edmondson Farms LLC is a Mississippi limited liability company with its principal place of business in Vardaman, Mississippi. E.& P. Louisiana Farms, L.L.C. is a Louisiana limited liability company with its principal place of business in Pioneer, Louisiana.

The debtor filed a Chapter 11 case on March 31, 2003, and Edmondson Farms, LLC was listed as a creditor in the debtor's petition. During June 2003, the debtor and defendants entered into a lease arrangement for real estate and equipment located in Louisiana, and a similar lease was entered into in 2004. This court entered an order confirming the debtor's Chapter 11 plan on September 17, 2004. The debtor brought this adversary proceeding on November 7, 2006, asserting that the defendants now owe the debtor money based on the calculations in the lease agreements.

The district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A district court may refer these proceedings to a bankruptcy court. 28 U.S.C. § 157(a). The U. S. District Court for the Eastern District of North Carolina entered its General Order of Reference on August, 1984.  A bankruptcy court can hear and determine core proceedings "arising under" title 11 or "arising in" a case under title 11. 28 U.S.C. § 157(b).

The debtor and defendants had a continuous relationship throughout this bankruptcy that began prior to confirmation of the plan.  At the beginning of the bankruptcy case, the defendants

moving to dismiss this action had a claim against the debtor. Now, the debtor asserts that it has more than satisfied the claim of the defendants and the defendants owe it money. Clearly, these claims arise out of the same transaction and, outside of bankruptcy, would be compulsory counterclaims. Therefore, this adversary proceeding is fairly categorized as merely a counterclaim by the estate against entities filing a claim against the estate and is classified as a core proceeding arising under title 11. 28 U.S.C. § 157(b)(2)(C). As a core proceeding, the court has jurisdiction to hear this case.

Although the court has jurisdiction to hear this case under the Bankruptcy Code, the analysis does not end there. On September 17, 2004, this court entered an Order Confirming Plan. As to the areas over which the court retained jurisdiction, the order provided that the debtor must bring any adversary proceedings within 120 days after the Effective Date of the plan. The Effective Date of the plan was on or about September 28, 2004. More then two years later, this adversary proceeding was filed on November 7, 2006.

More than a decade ago, this court began routinely inserting deadline provisions in orders confirming plans to forestall exactly what has happened here – the filing of adversary proceedings years after plans have been confirmed, when parties have justifiably assumed that bankruptcy jurisdiction has concluded except as to matters expressly reserved in the plan. These procedural provisions in confirmation orders are as entitled to deference as are the substantive provisions adjusting the debtor's affairs. There may be circumstances where the deadline (120 days in this case) is not adequate and upon proper motion and notice by the debtor, the court could extend it. But that did not happen here, and the confirmation order stands as a complete bar to this court's jurisdiction over this case. If the court declines to enforce the terms of the

confirmation order in this case, it would essentially render those deadline provisions meaningless. The debtor did not bring this adversary proceeding within the required time period as provided in the confirmation order. As a result, this court does not have jurisdiction of this adversary proceeding. [1]

Based on the foregoing, the court finds that the debtor failed to bring the adversary proceeding within the allotted time frame pursuant to the confirmation order. Therefore, the court grants the Edmondson Parties' motion to dismiss for lack of jurisdiction. [2]

"END OF DOCUMENT"

---

[1] The court is not suggesting the debtor is without remedy. So long as the applicable state statute of limitations has not run, the debtor is free to pursue its claim in an appropriate state or federal court.

[2] The court is cautious about anticipating motions to dismiss for lack of venue before they are filed and does not rely on the obvious venue problems for the decision here. However, counsel for the Edmondson Parties briefly addressed the lack of venue during the hearing on the current motion to dismiss. The court agrees that this court is likely not the proper venue to hear this adversary proceeding. 28 U.S.C. § 1409(d) authorizes commencement of a suit arising after the commencement of a bankruptcy case from the operation of the business of a debtor only in a district where it could have been brought under applicable nonbankruptcy venue provisions. It is difficult for the court at first blush to see how venue in the Eastern District of North Carolina could be appropriate in a suit against a Mississippi farming operation based on a Louisiana land lease.