**SO ORDERED.**

**SIGNED this 10 day of May, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

| | |
|---|---|
| **SOUTHERN PRODUCE DISTRIBUTORS, INC.,** | |
| Debtor. | Case No. 03-02838-8-JRL |
| **SOUTHERN PRODUCE DISTRIBUTORS, INC.,** | |
| Plaintiff | |
| vs. | Adversary Proceeding No. L-06-00255-8-AP |
| **AKIN-PORTER PRODUCE, INC., CARTER K. EDMONDSON, EDMONDSON FARMS LLC, and E. & P. LOUISIANA FARMS, L.L.C.** | |
| Defendants. | |

_____

### **ORDER**

This case is before the court on the motion to alter or amend judgment, or in the alternative, motion for reconsideration filed by Southern Produce Distributors, Inc. The motion is based on this court's March 7, 2007 order, which dismissed this adversary proceeding as to defendants Carter K. Edmondson and Edmondson Farms LLC (the "Edmondson Parties").

In the March 7, 2007 order, the court held that the debtor did not bring this adversary proceeding within the time period required by the debtor's confirmation order. As a result, the court did not have authority to hear this proceeding. The debtor now asserts that the 120-day adversary proceeding deadline should only apply to known and existing causes of action. The debtor contends that it had no knowledge of any dispute under the 2004 lease until after the 120-day deadline had passed. Therefore, the debtor concludes that it should not be bound by the 120-day deadline.

A bankruptcy court can hear and determine core proceedings "arising under" title 11 or "arising in" a case under title 11. 28 U.S.C. § 157(b). In the March 7, 2007 order, this adversary proceeding was determined to be a core proceeding arising under title 11. Based on that finding the court had jurisdiction to hear this matter pursuant to 28 U.S.C. § 157(b)(2)(C). However, the Bankruptcy Code merely sets the outer limits of the court's jurisdiction. That jurisdiction can be narrowed by the court and parties in interest by including limiting retention provisions in the confirmation order. Grossman v. Murray (In re Murray), 214 B.R. 271, 277 (Bankr. D. Mass. 1997).

In this case, the 120-day adversary proceeding deadline operates as a limiting retention provision. In the March 7, 2007 order, the court recognized that there may be circumstances where the deadline is not adequate and upon proper motion by the debtor, the court could extend it. Depending on the circumstances, and particularly where the cause of action is unknown during the period, it may not be necessary that the motion to extend the deadline be filed prior to the expiration of the deadline. Here the debtor never filed a motion to extend the 120-day adversary proceeding deadline. More critically, the debtor waited well over a year after

becoming aware that there was a potential accounting discrepancy between the debtor and the Edmondson Parties before filing this adversary proceeding. If deadlines for initiating adversary proceedings under confirmed plans are to have any vitality at all, parties must act more promptly to protect their rights than this chronology reflects.

     Based on the foregoing, the court finds that the adversary proceeding against the Edmondson Parties was properly dismissed. Absent an extension, the 120-day adversary proceeding deadline contained in the confirmation order properly limited this court's authority to hear this adversary proceeding. The debtor's motion to alter or amend judgment, or in the alternative, motion for reconsideration is DENIED. This ruling is without prejudice to the plaintiff's right to pursue this claim in the appropriate state court.

**"END OF DOCUMENT"**